815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alma B. REAGAN; V. Hal Reagan; Beville Reagan; Brent C.
Blalock; Clyde C. Blalock; and Brownlee Reagan,
Plaintiffs-Appellees,
v.
Robert T. WINDHAM, Defendant-Appellant.
 No. 86-5366.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1987.
 
 Before KEITH and KENNEDY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs in this diversity case alleged that defendant breached a continuing guaranty agreement requiring him to pay six promissory notes. The District Court found defendant in breach of the guaranty agreement. We affirm.
 
 
 2
 This case presents three issues on appeal: (1) whether the District Court violated Rule 602 of the Federal Rules of Evidence by allowing plaintiffs' witnesses to testify that defendant failed to pay the holders of the notes; (2) whether the plaintiffs satisfied -. their burden of proof to prove a breach of the guaranty agreement and damages; and (3) whether the District Court erred in holding defendant liable on the notes and the note assumption agreements filed as Trial Exhibits 2 and 7.
 
 
 3
 Plaintiffs were the stockholders of Knox Resorts, Inc., a Tennessee corporation, which owned a Howard Johnson's Motel in Knoxville, Tennessee. On December 28, 198t, Knox Resorts, Ltd. ("Knox Resorts"), a Tennessee limited partnership in which defendant was a general partner, executed a stock purchase and redemption agreement. This agreement provided that Knox Resorts would assume plaintiffs' obligation to pay six promissory notes. On February 1, 1982, defendant executed a continuing guaranty agreement by which he guaranteed the obligation of Knox Resorts to pay the six notes. The holders of the notes, however, did not release plaintiffs from liability. In July 1983, Gary Long, a third party, took over the partnership and defendant contended at trial that Long had possession of all records pertaining to Knox Resorts.[1]
 
 
 4
 On March 7, 1985, plaintiffs filed suit[2] alleging that Knox Resorts defaulted on its payment of the note assumption agreements and that defendant failed to honor his guaranty agreement. In support of their contention, plaintiff Alma Reagan testified that the holders of the notes or their attorneys demanded payment from her or Pinkstaff, her attorney and accountant, that resulted In her and the other plaintiffs paying the balance remaining on the notes.[3] She also testified that prior to making these payments, either she or Pinkstaff demanded payment from defendant or Knox Resorts. On crow examination, Alma Reagan testified that she had no personal knowledge of whether Knox Resorts actually paid the holders, but stated that, because of the holders' reputation, they would not have made a demand on her had payment been made. She also stated that as to several of the notes, after the initial demand, she made payments as they became due because the holders told her that they expected her to pay the remaining monies due.
 
 
 5
 Ray Pinkstaff testified that on several occasions Clyde Blalock, a plaintiff in this case, told him that the holders of the notes made demands on Clyde, as an intermediary. The Court sustained defense counsel's objection that this testimony was hearsay. The Court, however, permitted Pinkstaff to testify that to his knowledge Knox Resorts failed to repay the notes. Pinkstaff also testified that the holders' attorney, Mr. Wade, made demands on him for payment and that each time such demands were made, he contacted Alma Reagan. On cross-examination, Pinkstaff testified that he had no knowledge of the amount of payments made by defendant or Knox Resorts except a $120,000 payment made by defendant and Knox Resorts pursuant to a settlement agreement from an earlier law suit.
 
 
 6
 Finally, Clyde Blalock, one of the makers of the note labeled Trial Exhibit 2, testified that a demand for payment of this note was made on him. On crossexamination, he also testified that he did not know whether Knox Resorts made any payments to the holders since he was not involved in the partnership.
 
 
 7
 At trial, defendant contended that the holders did not demand payment from plaintiffs and that no evidence existed supporting plaintiffs' allegations that Knox Resorts failed to make payments on the notes. Defendant testified that he had no evidence demonstrating that he or Knox Resorts paid the notes because he did not have access to this information since all partnership records were in Gary Long's possession. Alternatively, defendant contended that Alma Reagan did not sign the promissory note labeled Trial Exhibit 2; thus any payment she made on this note was voluntary.[4] Finally, defendant asserted that he was not liable on the note labeled Trial. Exhibit 7 because the holders of this note released the maker from liability; consequently, defendant contended that Blalock paid this note voluntarily.
 
 
 8
 The District Court concluded that demand was made on Alma Reagan or her agent Pinkstaff for payment of five of the six notes.[5] Relying on Reagan's testimony that she and the notes' holders were close friends, the Court concluded that the holders did not have to make regular demands on her for payment. The Court also stated that it would be illogical to assume that Reagan would have made these payments unless a demand for payment was made on her or her agent. Thus, the Court concluded that Alma Reagan did not volunteer payments on any of the notes. The Court also concluded that demand was made on Clyde Blalock with regard to the sixth note,[6] and that as a result of this demand, he paid this note.
 
 
 9
 The District Court emphasized that defendant offered no testimony to contradict plaintiffs' testimony regarding the demand of the holders or their attorney. Furthermore, although defendant attempted to attack plaintiffs' testimony of the amounts due by stating that none of the witnesses had personal knowledge of whether Knox Resorts had ever paid on the notes, the Court concluded that had these payments been made, defendant would have offered testimony demonstrating payment.[7]
 
 
 10
 The Court also found defendants alternative contentions with regard to the notes labeled Trial Exhibits 2 and 7 to be meridess. Relying on its conclusion that plaintiffs considered Alma Reagan and Pinkstaff as their agent to pay the notes as they became due, the Court found that plaintiffs viewed their liability under the notes as joint and several. With respect to the note labeled Trial Exhibit 7, the District Court noted that the holder of this note did not sign the note assumption agreement releasing its maker from liability. Consequently, the Court concluded that plaintiffs did not pay these notes voluntarily.
 
 
 11
 With respect to the actual amount that plaintiffs paid, the Court relied on the testimony of Pinkstaff. He testified that the amount of principal and interest due on the notes, less applicable credits, was $483,096.78. Because plaintiffs received $30.231.70 from Gary Long, the Court deducted this amount as a credit to defendant.
 
 
 12
 On appeal, defendant contends that the District Court violated Fed. R. Evict. 602 by allowing plaintiffs and Pinkstaff to testify that Knox Resorts had not made payments on the notes and also to testify as to the amount of money that defendant owed them without evidence establishing their personal knowledge of these matters. Fed. R. Evid. 602 provides:
 
 
 13
 A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge, may, but need not, consist of the testimony of the witness himself.
 
 
 14
 Thus, defendant contends that plaintiffs failed to meet their burden of proof that Knox Resorts had not paid the notes. Defendant also asserts that Rule 602 requires the holders of the notes to testify that Knox Resorts did not pay them. According to defendant, plaintiffs' failure to call the holders resulted in an inference that the testimony of the holders would have been unfavorable to plaintiffs. See Commerce Union Bank v. Burger-In-A-Pouch, Inc., 657 S.W.2d 88, 91 (Tenn. 1983). Defendant contends that the fact that the holders made a demand on plaintiffs to pay the notes is not competent proof that Knox Resorts never paid the holders.[8]
 
 
 15
 Defendant also contends that even if he and Knox Resorts failed to pay the notes, he is not liable for the payments made by Alma Reagan and Clyde Blalock on behalf of all plaintiffs for the note labeled Trim Exhibit 2,[9] or under the note assumption agreement for the note labeled Trial Exhibit 7. Defendant again argues that he is not liable to Alma Reagan for any monies she paid on the note labeled Trial Exhibit 2 because she did not sign the note and any payments made by her were therefore voluntary. Defendant also contends that the District Court committed reversible error in concluding that the provision in the note labeled Trial Exhibit 7 releasing the plaintiffs from liability was not valid because the holders of this note did not sign the note assumption agreement.
 
 
 16
 We conclude that the issue concerning defendant's liability on the note assumption agreements can be resolved without determining whether the testimony of the two plaintiffs and Pinkstaff violated Fed. R. Evid. 602. The Federal Rules of Civil Procedure[10] and Tennessee law provide that in an action on a bill or note the burden of proving payment is on the party who alleges it. Waid v. Greer, 56 S.W. 1029 (Tenn. Ct. Chan. App. 1900). See also 11 C.J.S. Bills and Notes i 662 (1938) (footnotes omitted) ("The general rule ... that the burden of proving payment is on the party who alleges it is applicable to bills and notes, and, while the rule has been invoked most frequently in actions against the maker, it applies as well in proceedings against an indorser or against the personal representative of a deceased maker.... The fact that plaintiff alleges nonpayment does not shift the burden to him."). Consequently, defendant's assertion that plaintiffs have the burden of proof to establish defendant's or Knox Resorts' non-payment is erroneous. Plaintiffs offered evidence regarding the holders' demands for payment and evidence demonstrating that plaintiffs or their representative requested payment from defendant or Knox Resorts. Defendant offered no evidence of payment.
 
 
 17
 Furthermore, the District Court was correct in viewing plaintiffs' liability under the note labeled Trial Exhibit 2 as joint and several. The note provides that the stockholders of Knox Resorts, Inc. are jointly and severally liable to the holder. See Joint Appendix at 83. Alma Reagan was a stockholder of Knox Resorts, Inc. The testimony at trial established that plaintiffs viewed all of these notes and the obligations arising thereunder as one business transaction. Thus, the District Court correctly relied on Pinkstaff's testimony as to the total amounts Alma Reagan and Clyde Blalock paid under this note.
 
 
 18
 Finally, the District Court correctly concluded that the holders of the note labeled Trial Exhibit 7 did not sign the note assumption agreement that contained a provision releasing the makers from any liability or obligation under the note. See Joint Appendix at 102-103.
 
 
 19
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 Defendant alleges that because Long took over the partnership, defendant has no records indicating that Knox Resorts had or had not paid on the six notes
 
 
 [2]
 Plaintiffs filed an earlier suit that was settled resulting in defendant paying the installments due on the notes up to that point. Defendant alledgedly did not make payments that became due after this settlement
 
 
 [3]
 Plaintiffs' counsel initially asked Alma Reagan whether Knox Resorts made payments on the notes as they were due. Defense counsel objected to the question contending that no foundation had been laid for her testimony that she had personal knowledge of whether these payments were mane. The Court subsequently permitted her to testify that Knox Resorts failed to make several payments, concluding that this issue related to the weight of her testimony given at that point
 
 
 [4]
 Defendant also contends that plaintiff Clyde Blalock failed to establish the specific amount that he paid on this note
 
 
 [5]
 These notes are contained in Trial Exhibits 3 through 7
 
 
 [6]
 This note was labeled Trial Exhibit 2
 
 
 [7]
 The Court concluded that because defendant failed to offer such testimony, he had no knowledge that Knox Resorts made any payments on the notes
 
 
 [8]
 Defendant also contends that plaintiffs' failure to show what amounts Knox Resorts failed to pay was tantamount to their failure to prove the damages they suffered by defendant's alleged breach of his guaranty as well as a failure to show a breach at all. According to defendant, Pinkstaff's statements regarding the amounts that plaintiffs paid on the notes were hearsay because they were based on what third-parties told him
 
 
 [9]
 The testimony established that these were the only two plaintiffs that paid this note
 
 
 [10]
 Rule 8(c) provides in pertinent part: 'In pleading to a preceding pleading, a party shall set forth affirmatively ... payment ... and any other matter constituting an avoidance or affirmative defense